**Donald SCHANBARGER,
Plaintiff-Appellant,**

v.

**DISTRICT ATTORNEY OF RENSSE-
LAER COUNTY et al.,
Defendants-Appellees.**

**No. 252, Docket 76–7288.**

United States Court of Appeals,
Second Circuit.

Submitted Nov. 23, 1976.
Decided Dec. 30, 1976.

Donald Schanbarger, pro se.

Marvin I. Honig, Troy, N. Y. (David R. Dudley, Troy, N. Y., of counsel), for defendants-appellees Dist. Atty. of Rensselaer County, Director of Dept. of Mental Health of Rensselaer County, Edward A. Vielkind and Charles P. Haskins.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City (Ruth Kessler Toch, Solicitor Gen., Peter J. Dooley, Asst. Atty. Gen., Albany, N. Y., of counsel), for defendant-appellee Superintendent of the New York State Police.

Before MANSFIELD, VAN GRAAFEILAND and MESKILL, Circuit Judges.

PER CURIAM:

The judgment appealed from is the latest development in a running series of legal controversies between the pro se plaintiff and New York Police authorities, which began with his unlawful arrest for loitering in 1968. His present complaint in the United States District Court for the Northern District of New York was dismissed under F.R.Civ.P. 12(b)(6) for failure to state a claim on which relief could be granted.

■ The complaint seeks various forms of injunctive relief against the named state and county officials, requiring the posting of bonds before any arrest or prosecution; prohibiting court ordered psychiatric examination of criminal defendants and the prosecution of defendants who have had such examinations, and prohibiting the collecting of information about anyone who has been acquitted of a criminal charge. Appellant also seeks damages and injunctive relief against two Supreme Court clerks because of their failure to sign a so-called "Information Subpoena and Restraining Notice" in connection with a verdict in his favor which has never been reduced to judgment. Dismissal of these causes of action was clearly in order.

■ If this pro se complaint is read liberally, it also appears, however, to seek the return or expungement of records relating to appellant's arrests and prosecution. It may be that there are records in the possession of the official defendants relating to appellant's unlawful arrests which should be expunged and that federal relief is required to accomplish this result. See *Sullivan v. Murphy*, 156 U.S.App.D.C. 28, 478 F.2d 938, *cert. denied*, 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973); *Billick v. Dudley*, 356 F.Supp. 945 (S.D.N.Y.1973). We think this matter should be more fully ex-

plored by the District Court before a determination is made concerning plaintiff's right to relief.

We therefore affirm the judgment and order appealed from in all respects save that portion relating to the return or expungement of certain records relating to appellant and, as to that portion, we reverse and remand to the District Court for further proceedings consistent with this opinion. No costs of appeal shall be allowed to any party.